Per Curiam.

It appears clearly from the pleadings and the evidence that on the date of the election some 60 membership tickets were sold and the purchasers cast ballots at the election, contrary to the provision of Section 1711.07, Revised Code, that only persons holding membership tickets at least 15 days prior to the date of the election may vote. The secretary of the society testified also as to irregularities in establishing a polling place and in the notice of the election. Since, as disclosed by the pleadings, each of the successful candidates received a plurality of less than 60 votes more than his opponent, it is evident that the 60 illegal votes which were cast could have changed the results of the election. Thus by the pleadings and the evidence relator has established a prima facie case of an illegal election.
Many persons testified by deposition that they had purchased memberships in the society on the day of election, and that they voted for directors on that day. Some testified as to the four candidates for whom they voted, some were not sure as *439 to all for whom they voted, and some did not remember the names of any for whom they voted. The evidence presented fails to overcome the prima facie case of an illegal election, or to show that the illegal votes were not sufficient in number to change the declared results of the election.
The court, therefore, under authority of Sections 2733.15 and 2733.16, Revised Code, renders judgments of ouster and orders a new election.

Judgments of ouster.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.